**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 19 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WALTER IRVING PORTILLO
ACUNA; N. I. P. S.; C. I. S. P.,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-612

Agency Nos.
A209-823-663
A209-823-665
A209-823-664

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2023[**]

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Walter Portillo Acuna, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals ("BIA") decision dismissing his

appeal of the Immigration Judge's ("IJ") denial of asylum, withholding of

---

[*]    This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. We review de novo the BIA's legal conclusions. *Parada v. Sessions*, 902 F.3d 901, 908 (9th Cir. 2018). Factual findings are reviewed for substantial evidence. *Id.* To the extent that the BIA incorporated the IJ's reasoning, we review both decisions. *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). Because the parties are familiar with the factual background, we need not recount it here. We deny the petition.

The BIA did not err in denying Portillo Acuna asylum. Substantial evidence supported the BIA's conclusion that Portillo Acuna had not established past persecution on account of a cognizable particular social group of which he is a member. Even assuming that "family ties," the sole social group Portillo Acuna fully exhausted before the agency and briefed to this court, is cognizable, Portillo Acuna failed to plead facts supporting that his family ties were a reason for his persecution. *See Macedo Templos v. Wilkinson*, 987 F.3d 877, 882 (9th Cir. 2021) ("Membership in the group must be 'a reason' for [the] feared mistreatment." (quoting 8 U.S.C. § 1231(b)(3)(C))).

The BIA also did not err in denying Portillo Acuna withholding of removal. For the same reason as above, substantial evidence supported the BIA's determination that Portillo Acuna is ineligible for withholding of removal

---

[1] We refer only to lead petitioner Portillo Acuna in this disposition as his asylum application applies to his partner and their child as derivative beneficiaries. 8 U.S.C. § 1158(b)(3)(A); 8 C.F.R. § 1208.3(a)(1).

because he failed to establish that he fears harm in El Salvador based on a protected ground. Moreover, substantial evidence supported the BIA's conclusion that Portillo Acuna failed to rebut the presumption of reasonable relocation. *See* 8 C.F.R. § 1208.16(b)(3).

Finally, by failing to discuss the agency's denying him CAT protection, Portillo Acuna waived any challenge to the agency's denial. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

**PETITION DENIED.**